# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**FIRST GUARANTY BANK**                                                                          **PLAINTIFF**

**v.**                                                             **CAUSE NO. 3:18cv334-LG-RHW**

**INDEPENDENT HEALTHCARE**
**MANAGEMENT, INC. d/b/a LACKEY**
**MEMORIAL HOSPITAL**                                                     **DEFENDANT**

## MEMORANDUM OPINION AND ORDER DENYING AMENDED MOTION FOR SUMMARY JUDGMENT ON DAMAGES, ATTORNEY FEE, AND COSTS AND DENYING MOTION TO STRIKE

BEFORE THE COURT are two motions: the [76] Motion for Summary Judgment on Damages and Attorney Fees and Legal Expenses, as amended by the [78] Amended Motion for Summary Judgment, both filed by the plaintiff, First Guaranty Bank ("FGB"); and the [80] Motion to Strike Motion for Summary Judgment filed by Defendant Independent Healthcare Management, Inc. d/b/a Lackey Memorial Hospital ("Lackey"). Both Motions are fully briefed. Having considered the submissions of the parties, the record, and relevant law, the Court finds that FGB's Motion for Summary Judgment, as amended, should be denied, and Lackey's Motion to Strike should also be denied.

## I. BACKGROUND

This case is a breach of contract action brought for payments owed by Lackey to FGB under a Conditional Sales Agreement ("CSA"). (*See* Mot. Summ. J. Ex. 7, at 10-14, ECF No. 51-7.) The CSA arranged for Med One Capital Funding, LLC ("Med One") to finance Pioneer Health Services, Inc.'s ("Pioneer") purchase of software and

related services from McKesson Information Solutions for seven hospitals, one of which was Defendant Lackey. Med One assigned the CSA to Republic Bank, Inc., who later assigned the CSA to Plaintiff FGB via a Portfolio Purchasing Agreement ("PPA"). At the time of the CSA's execution, Pioneer managed Lackey under a management contract. Pioneer owned the other six hospitals.

On March 30, 2016, Pioneer and its hospitals declared bankruptcy. FGB did not file a claim in the Chapter 11 proceeding because it was not given notice of the pending bankruptcy until the day before the deadline for creditors to file a claim. Payments ceased on the CSA, and, on November 23, 2016, FGB sent Lackey a written demand for payment of the full balance owed. Lackey said in prior briefing that this was the first time it became aware of its obligation on the CSA. After Lackey failed to make any payment, FGB filed this lawsuit to recover the amount still owed on the CSA.

On October 25, 2019, the Court entered a [73] Memorandum Opinion and Order that granted summary judgment to FGB on the issue of liability but denied summary judgment as to damages resulting from the breach of contract. The Court found that Julie Gieger, Lackey's former CFO, had apparent authority to bind Lackey as a guarantor of Pioneer's obligation on the CSA. And Lackey concedes that it has not made any payment on the CSA prior to or since the demand letter from FGB. Accordingly, the Court found Lackey liable to FGB on the unpaid balance owed on the CSA. However, the Court found that FGB had not adequately
– 2 –

substantiated its damages – the unpaid balance – for summary judgment to be entered on the issue of damages.

The instant motions before the Court followed. FGB filed the [76] Motion for Summary Judgment on Damages, which relies upon the sworn affidavits of Ronnie Pittman, the Senior Vice President of Special Assets for FGB, and Robert Pedersen, one of FGB's lawyers in this matter. FGB then filed an [78] Amended Motion for Summary Judgment on Damages, which accounts for payments FGB received from the Trustee of Pioneer's bankruptcy proceedings. Thereafter, Lackey filed the [80] Motion to Strike FGB's Motion for Summary Judgment on Damages. In the slew of briefing that ensued, FGB filed an [88] Attachment to its summary judgment motion, which contained the affidavit of Randy Vicknair, FGB's Senior Vice President and Chief Credit Officer, and a revised affidavit for Ronnie Pittman.

## II. DISCUSSION

a. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate

specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

  b. <u>Analysis</u>

The Court has again been provided with inconsistent and incomplete documentation of the unpaid balance owed on the CSA, so material issues of fact remain. The Court need not address Lackey's arguments concerning the admissibility of the affidavits upon which FGB relies because FGB's revision of its own submissions indicates that the factual record is disputed. FGB submitted a revised affidavit of Ronnie Pittman, which accounts for some of the evidence submitted by Lackey in opposing the instant summary judgment motion. At the very least, viewed in a light most favorable to Lackey – the nonmoving party – this revised affidavit acknowledges inaccuracies in the figures originally submitted and

confirms that evidence submitted by Lackey creates material issues of fact. Summary judgment on damages owed under the CSA is therefore not appropriate on this record.

**IT IS THEREFORE ORDERED AND ADJUDGED** that First Guaranty Bank's [76] Motion for Summary Judgment on Damages and Attorney Fees and Legal Expenses, as amended by the [78] Amended Motion for Summary Judgment, is **DENIED** and Independent Healthcare Management, Inc. d/b/a Lackey Memorial Hospital's [80] Motion to Strike Motion for Summary Judgment is **DENIED AS MOOT**.

**SO ORDERED AND ADJUDGED** this the 10th day of February, 2020.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE